**Robert Lee WOOTAN, Appellant,**

v.

**AMERICAN MOTORIST INS. CO., Appellee.**

**No. 1310.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

O. F. Jones, III, Victoria, for appellant.

Richard C. Keene, San Antonio, James R. Ansell, Galveston, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal by an injured workman in a workmen's compensation case. The jury rendered a verdict finding temporary partial incapacity. The maximum statutory benefits for the period of temporary partial incapacity in this case were less than the amounts previously paid to the worker in weekly benefits by the insurance company. Therefore, the trial court entered a take nothing judgment, from which the workman appeals.

Wootan was injured on November 22, 1974, when he fell from a scaffolding at the DuPont Plant in Victoria, Texas, while working in the course and scope of his employment. He was taken to the local plant physician who treated him for relatively minor injuries. He was allowed to return to light duty by the physician and performed light tasks for a period of approximately four months. Wootan was finally returned to general duty on or about April 1, 1975, working in this capacity for approximately ten days. Later he was discharged by the company because of "early quits" and an "apparent personality conflict with the foreman".

Wootan returned to the plant physician who found him to be in a state of "depressed and anxious" condition describing him as being upset. He was treated by the plant physician, later by his local personal physician, and finally by a Dr. Martin Tower in Galveston, Texas. Wootan was hospitalized for approximately six months in a Galveston hospital where he underwent a series of electrical shock and insulin treatments. At the time of trial, Wootan had no recollection whatsoever of either his fall or the course or scope of treatments following the accident.

■ First, appellant argues that the charge of the court contained only the standard pattern jury charge definition of "injury" and did not include a definition that a compensable injury under workmen's compensation law includes and contemplates not only the immediate effects arising from the injury itself, but also the effects of any aggravation of such injury resulting from medical or surgical treatment, when there is no intervening, independent cause to break the chain of causation between the new injury or aggravation and the original injury. Appellant cites *United Employers Casualty Company v. Marr*, 144 S.W.2d 973 (Tex.Civ.App.—Galveston 1940, writ dism'd). Appellant did not specifically object to the submission of the definition the trial court used, nor did he state the grounds of his objection. He does not complain of the court's charge by a specific point of error here on appeal. We hold that the argument concerning this alleged error is waived. *Texas Employers' Ins. Ass'n v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000, 1002 (1944). See also Rule 274, T.R.C.P., and *Chandler v. Chandler*, 536 S.W.2d 260 (Tex. Civ.App.—Corpus Christi 1976, writ dism'd).

The appellee contends that appellant's first three points of error are incorrectly worded since they complain of the jury's answers to special issues 1, 7, 8 and 10 as being against the great weight and preponderance of the evidence, but do not state that the verdict was so contrary to the overwhelming weight of all the evidence as to be manifestly wrong and unjust. Appellee argues that failure to include the latter phrase alters the nature of the point; that we are not able to weigh all the evidence under the "great weight and preponderance test"; and the only applicable test in a point so phrased is whether appellee's evidence, standing alone, is sufficient to support the verdict. See· Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

■ Rule 422, T.R.C.P., requires this Court to construe the briefing rules liberally. If the arguments and law under a specific point are such that they will acquaint the court with the complaint, the point of error will be considered. In our opinion, appellant has sufficiently acquainted the court with his complaint regarding

the factual sufficiency of the evidence such that the fact-finding power of the Court has been invoked. In such a case, we are required to weigh all the evidence and to remand the case for a new trial if we conclude that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Ruiz v. Flexonics,* 517 S.W.2d 853 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Airway Ins. Co. v. Hank's Flite Center, Inc.,* 534 S.W.2d 878, 879–80 (Tex. Sup.1976); *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112 (Tex.Sup.1976); *Bass v. Metzger,* 569 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1978, no writ).

In points of error one through three, appellant attacks the jury's findings that Wootan suffered only temporary partial incapacity, that he was not totally and permanently disabled, and that his medical expenses incurred after March 31, 1975, were not caused by the accident made the basis of this suit. Three medical witnesses were called by the appellant; two testified in person and one by deposition. A review of all of this evidence substantiates the verdict of the jury. One of the doctors presented evidence that Wootan's medical condition was not caused by the physical injury. This doctor described various treatments of the appellant for various physical problems that he had prior to his injury of November 22, 1974. This doctor described his present condition as endogenous depression which means a condition that has its beginning from within the person. Only one physician suggested that the physical injury and the depression of the appellant were associated. If this raised a conflict in the evidence, the jury was free to resolve the conflict as part of their fact-finding responsibilities. However, such testimony did not have the effect of being the great weight and preponderance of the considered evidence.

The appellant had the burden of proof that the injury he sustained on November 22, 1974, was the producing cause of the depression of which he was complaining at the time of trial. His proof fell short of convincing the fact-finders and us. See *Parker v. Employers Mutual Liability Ins. Co. of Wis.,* 440 S.W.2d 43 (Tex.Sup.1969). After considering all of the evidence, we hold that the jury's findings are not so against the great weight and preponderance of the evidence as to be wrong and unjust. Appellant's points one through three are overruled.

Appellant's fourth point of error is that the disabled condition of the appellant and the incapacity that the appellant may have had at the time of trial was, as a matter of law, caused by his accident on November 22, 1974. Some of the evidence adduced at trial was otherwise, which was sufficient under the light of the rules laid down in *In Re King's Estate* to overrule this point of error.

The judgment of the trial court is AFFIRMED.