**LIBERTY MUTUAL INS. CO.,**
**Appellant,**

v.

**Luis G. ROSAS.**

**No. 18619.**

Court of Appeals of Texas,
Fort Worth.

March 11, 1982.

Rehearing Denied April 8, 1982.

Brown, Herman, Scott, Dean & Miles, and Grant Liser, Fort Worth, for appellants.

Herrick & Purcell, and Kirk Purcell, Fort Worth, for appellees.

MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is a workers' compensation case. Liberty Mutual Insurance Company appeals from a judgment in the amount of $38,-058.00 in favor of appellee on a jury verdict of total incapacitation from June 6, 1979, until December 31, 2003.

We affirm.

Luis G. Rosas is a 43-year old man with a ninth grade education who has worked at various manual labor jobs during his life. He testified that he has worked for Kelly Farms for twelve years, initially as a route driver delivering milk, and later, about four years before trial, as a supervisor. His duties as supervisor included seeing that trucks were repaired and occasionally filling in for route drivers. On June 6, 1979, while attempting to repair a defective breaker on one of the trucks, he fell off the truck, hurting his back. He saw several doctors and was finally referred to Dr. Rex Howard on October 19, 1979. Dr. Howard admitted him into the hospital to perform a laminectomy and fusion on his back having diagnosed his problem as a possible nerve root irritation and possible mechanical back problem. Rosas left the hospital on February 4, 1980, and was off work about four weeks. He returned to full duties at work within six months after surgery.

Liberty Mutual by three points of error contends that the jury findings that Rosas was totally incapacitated from June 6, 1979, until December 31, 2003, are not supported by evidence of probative force, that the evidence is insufficient to support the jury's findings, and that the jury's findings are contrary to the great weight and preponderance of evidence as to be clearly wrong and unjust.

In passing on no evidence points, the Court of Appeals must view the evidence in its most favorable light in support of the jury verdict, considering only the evidence and inferences which support the finding and rejecting the evidence and inferences to the contrary. In passing upon insufficient evidence points the court must consider all the evidence in the record. *Chandler State Bank v. Dorsey*, 618 S.W.2d 113 (Tex.Civ.App.—Tyler 1981, no writ).

In considering the insurer's contentions, it is necessary to examine the testimony of Dr. Rex Howard. He testified that (1) Rosas would be unable to pass a pre-employment physical exam for a job requiring a person be able to perform the usual tasks of a workman, (2) that this is a permanent condition, (3) that the fall of June 6, 1979, had aggravated a pre-existing back condition and that the injury was, in his opinion, a producing cause of Rosas' condition, and (4) that it probably would be impossible for Mr. Rosas to get a job with another employer if the employer was aware of the back condition. Rosas testified that his job as supervisor includes filling in for a route driver and that since his injury, he has had to take someone with him to load and unload milk. Liberty Mutual contends that since there was evidence that Rosas is capable of doing many jobs which require lighter duties, and since Rosas is now employed in his previous supervisory job, the jury finding of total incapacity is improper. We do not agree since the definition of total incapacity means that one is totally incapacitated if he cannot perform the usual task of a workman to such an extent that he cannot get and keep employment. There was sufficient evidence to support the finding, which was not so contrary to the great weight and preponderance of the evidence in the record as to be manifestly unjust. It is for the jury to accept or reject the testimony as to the duration of total incapacity. *Royal Globe Ins. Co. v. Suson*, 626 S.W.2d 161 (Tex.App.—Fort Worth 1981, no writ).

Appellant's first three points of error are overruled. Appellant's fourth point of error is that the trial court erred in refusing to include appellant's instruction No. 3 in its charge. The only function of an explanatory instruction in the charge is to aid and assist the jury in answering the issues submitted. *Union Oil Co. of California v. Richard*, 536 S.W.2d 955 (Tex.Civ.App.—Beaumont, 1975). We have reviewed the instruction on the definition of injury which was submitted to the jury and find that it is proper. Appellant's requested definition consisted of a negative explanation of what an injury is not and added nothing of substance to help the jury that was not already contained in the Court's charge.

Appellant's fourth point of error is overruled.

The judgment is affirmed.