**Samuel D. FLANZ, Appellant,**

v.

**Arnold A. FARIAS, Appellee.**

**No. A14–82–382CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1983.

---

**686**

Robert V. Rosenberg and Kahn & Maierson, Houston, for appellant.

Sharon O. Garner and Vinson & Elkins, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a take nothing judgment in a personal injury case arising out of a rear end automobile collision. Appellant brings eleven points of error, six of which assert the evidence supporting the jury's findings as to sudden stopping and improper lookout were factually insufficient and against the great weight and preponderance of the evidence. We agree, and accordingly the judgment is reversed and the cause remanded.

Appellant, Samuel D. Flanz, while driving in the left lane of Greenbriar Street in Houston slowed or stopped his car to avoid a large chuckhole. Another car, driving behind appellant in the left lane, apparently saw appellant's plight and veered into the right lane. Appellee, who was directly behind this car, failed to stop in time and collided with the rear of appellant's car which resulted in this lawsuit.

Following the presentation of the evidence, the court submitted special issues to the jury, of which two specifically inquired into appellant's negligence. In response thereto, the jury answered that appellant was not negligent in slowing his vehicle, but that he was negligent in stopping his car and in failing to keep proper lookout for his own safety and that such negligence was a proximate cause of the collision. The jury further found that 65% of the negligence was attributable to appellant and the remaining 35% attributable to appellee.

Appellant first complains on appeal that there was no evidence to support the submission of these issues to the jury. As directed by *Garza v. Alivar*, 395 S.W.2d 821 (Tex.1965), we test appellant's "no evidence" points by considering only that evidence tending to support the submission of

the issue and disregarding all evidence and inferences to the contrary. After making such a review, we find there was some evidence to support the issue submission. Accordingly, appellant's no evidence points are overruled.

Appellant next urges that the evidence was factually insufficient to support the jury findings and that the findings were against the great weight and preponderance of the evidence. Before reaching these points, however, we must deal with appellee's preliminary contention that appellant failed to comply with our briefing rules.

■ Rule 418(e) of the Texas Rules of Civil Procedure (Vernon 1983), requires that a brief contain a statement of facts, along with a discussion of relevant facts and authorities. However, if the arguments and law under a point acquaint the court with the complaint and direct the court's attention to the error, the point will be considered on appeal. *Wootan v. American Motorist Insurance Co.,* 570 S.W.2d 572, 573 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Wolf v. Moughon,* 562 S.W.2d 936, 938 (Tex.Civ.App.—Houston [1st Dist.] 1978), *aff'd on other grounds,* 576 S.W.2d 603 (Tex.1978); *Texas Employers' Insurance Association v. Villasana,* 558 S.W.2d 917, 921 (Tex.Civ.App.—Amarillo 1978, no writ). *See also* TEX.R.CIV.P. 422 (Vernon 1967). In his brief, appellant listed his factual insufficiency and great weight and preponderance of the evidence points of error, stated the relevant law, and later, in a summary, extracted and discussed portions of the record which supported these points. Appellant's brief meets our minimal standards and we will therefore consider his points of error on their merits.

In reviewing appellant's "insufficient evidence" points the Court of Appeals must examine the entire record. *Liberty Mutual Ins. Co. v. Rosas,* 630 S.W.2d 504, 506 (Tex. App.—Fort Worth 1982, no writ). If such a review reveals that the only evidence supporting the jury's answer is too weak to support it, the "insufficient evidence" point will be sustained. Calvert, *"No Evidence"* and *"Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 366 (1960). If, however, there is some credible evidence supporting both sides, the court may conclude after its review that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id. See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). With these distinctions in mind, we now conduct such a review.

■ Regarding the sudden stop, appellant stated several times that he did not stop, but rather that he slowed down in order to pass the chuckhole. He testified on direct examination that he applied his brakes, but after vigorous cross-examination conceded that he did not brake until after the impact. Prior to the collision, he stated, he merely "slowed down on the [gas] pedal." Appellee's own testimony gives no further evidence of a sudden stop. Appellee testified that appellant's car was motionless, but defined motionless as a state where "his wheels [were] rolling but he wasn't moving at any rate that the other traffic would have been moving." He also told the investigating officer that "[appellant] *slowed* and I didn't." (emphasis added.) Any inferences from the record as to a sudden stopping are similarly inconclusive. Appellant was traveling north on Greenbriar in the left lane. He apparently passed through a green light at the intersection of Old Spanish Trail and approached the chuckhole which was located some 400 yards beyond the intersection. Appellee, and the unidentified car in front of him, stopped for a red light at the Old Spanish Trail intersection. Appellee urges that since he had to wait for the light that appellant had already passed through, appellant had to have been stopped for him to still be there after an entire cycle of the light. This inference, appellee contends, is sufficient to support the jury charge, although no other evidence was produced in support thereof. We cannot agree. While this inference is possible, it is equally possible that appellant merely slowed for the chuckhole. The latter inference is clearly

supported by the record, while appellee's contention has no concrete basis. While there is some credible evidence to support the issue of sudden stopping, we conclude that this finding was so against the great weight and preponderance of the evidence as to be manifestly unjust.

In related points of error, appellant complains there was insufficient evidence to support the jury's finding that appellant failed to keep a proper lookout to the rear for his own safety. The evidence reveals that appellant approached a large chuckhole, which would have at least jostled him had he proceeded through it at his then current speed. He then slowed down to go through it, an action which the jury found was not negligent. Appellant testified on cross-examination that he looked in his rearview mirror and saw the unidentified car which was at that time immediately behind him. He saw this car pull into the right lane beside him, making it impossible for him to swerve and avoid the chuckhole. The impact from the second car occurred immediately thereafter. Appellee relies on appellant's statement that he did not look for nor see appellee's car in his rearview mirror. However, appellee himself testified that there were only "microseconds" between the time the unidentified car managed to pull out and the occurrence of the collision. Under these circumstances, we have serious doubts as to whether appellant had a duty to keep a further lookout in his rearview mirror for a second car which was immediately behind the first car that appellant was then observing as he proceeded. The only evidence that appellant did not keep a proper lookout for his own safety as to the second car is the single statement that appellant "did not look". We find that this statement standing alone, when considered in the context of the total circumstances, is too weak to support the jury's answer. Accordingly, appellant's "insufficient evidence" point in this regard is sustained.

We therefore conclude that the evidence was insufficient to support the jury findings on these issues. In view of this disposition, it is unnecessary to rule on the remaining points of error.

The judgment is reversed and the cause remanded.