**TRANSPORT INSURANCE COMPANY, Petitioner,**

v.

**Paul W. MABRA, Respondent.**

**No. B–3181.**

Supreme Court of Texas.

Oct. 18, 1972.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Dallas, for petitioner.

Mullinax, Wells, Mauzy & Babb, James C. Barber, Dallas, for respondent.

GREENHILL, Chief Justice.

The problem in this workmen's compensation case is whether the trial court properly diminished the claimant's recovery because of jury findings that a prior injury had contributed 50% to his present incapacity. That in turn depends, as we view the case, upon whether (1) the insurance carrier waived that defense by its failure to request an issue as to whether the prior injury was compensable, and (2) whether there was any evidence to support a presumed finding by the trial court that the injury was compensable. The court of civil appeals reversed the judgment of the

trial court because it was of the view that there was no evidence that the previous injury was compensable under the workmen's compensation law. 474 S.W.2d 627. We disagree with that court's judgment and accordingly reverse. We affirm the judgment of the trial court.

The plaintiff, Paul Mabra, had been since 1954, and still was at the time of trial, a driver for Red Ball Motor Freight, Inc. In 1958, he injured his back while working for Red Ball and received surgery. Dr. Casey Patterson removed a ruptured disk on the lumbar four-five, right side, and Mabra was hospitalized for a week or ten days. The testimony as to whether he received workmen's compensation for this injury is set out below.

In May of 1969, again while working for Red Ball, Mabra injured his back. The same surgeon, Dr. Patterson, removed the ruptured lumbar four-five disk, this time from the left side. This suit for compensation followed.

The insurance carrier, Transport Insurance Company, filed a pleading which set up the previous injury, and stated that Mabra had "received and accepted workmen's compensation benefits" therefor. It contended that the previous injury at least contributed to his present incapacity. A statute, since amended, provided for a diminution of recovery because of a previous incapacity. Section 12c, Article 8306.[1]

The jury found, as relevant here, that Mabra suffered a permanent partial disability. It also found that Mabra's injury of 1958, while working for Red Ball, contributed to his incapacity; and it further found that the percentage of such incapacity due to the 1958 injury was 50%. Accordingly, the amount of Mabra's recovery for his 1969 injury was reduced 50% by the trial court.

■ In order for there to be a reduction in the amount of the award under the old Section 12 of Article 8306 under which this case was tried, the previous injury must have been one which was compensable under the workmen's compensation law. St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962). The court of civil appeals held that there was no evidence that the previous injury was compensable or that Mabra received *workmen's* compensation on account of the 1958 injury. The substance of Mabra's testimony in this regard is:

"Q All right, sir. I want to ask you about this 1958 operation. First of all, were you working for Red Ball Motor Freight at the time of that injury?

"A Yes, sir.

"Q And you did receive an operation as you told us and then returned to work? I want to ask you this. Did you *make a claim for workmen's compensation benefits* as a result of that 1958 injury?

"A No, sir.

"Q Well, you may not understand what the word claim is. Let me ask you this way. Were you *paid weekly compensation* while you were off work?

"A Yes, sir.

"Q And I am not asking you about the amount. We will not go into that because I can not ask you that but I will ask you simply this. Were you thereafter in settlement of the case, *were you paid some amount of compensation*?

"A You mean after I returned to work?

"Q Yes.

"A They paid me a little, yes, sir.

"Q Oh, I see. Now, you understood my question exactly, didn't you?

"A Yes, sir, I think so.

---

1. All statutory references are to Vernon's Texas Civil Statutes Annotated. Rules referred to are the Texas Rules of Civil Procedure. All emphasis is ours.

"Q And you also attempted to change it I believe and put the word 'little' in there?

"Q You were *paid a lump sum*, were you not, in *compensation*?

"A Yes, sir."

The court of civil appeals noted that while Mabra stated that he was paid weekly compensation and also in a lump sum, he did not expressly say that he was paid *workmen's* compensation. It reasoned that the source of the compensation was not identified, and that it could as well have been paid by his union, his church, or a fraternal order.

In considering the question of "no evidence," it is the duty of the court to view the evidence in its most favorable light, considering the evidence and reasonable inferences to be drawn therefrom in support of a fact isue or a fact finding. Butler v. Hanson, 455 S.W.2d 942 (Tex. 1970); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966); Kirk v. Standard Life & Accident Ins. Co., 475 S. W.2d 570 (Tex.1972).

It is our opinion that from the above testimony, taken in context, the trier of the fact could reasonably infer that the questions were asked about, and the witness was talking about, workmen's compensation. It was a workmen's compensation case, the pleadings alleged a prior injury for which workmen's compensation benefits had been paid, and the line of questioning began with an inquiry as to whether Mabra had made a *claim for workmen's compensation* because of the previous injury. He said he had not made a claim; but he then stated that he had been paid some weekly "compensation" and had received a "lump sum in compensation." It is not at all unreasonable to infer from this testimony that he meant workmen's compensation; and we regard this as some evidence that the previous injury was a compensable one.

This brings us to the second question which deals with the special issues. In order to reduce the recovery of a workman because of a previous injury under the above statute, the insurance carrier must prove (1) that the previous injury was compensable (2) contributed to the present incapacity, and (3) the amount or percentage of such contribution. We regard these three elements as part of a cluster of issues under Rule 279. And, where one or more issues of such cluster of issues is given and answered by the jury, an unsubmitted issue which is a part of the cluster of issues is, under Rule 279 "deemed as found by the court in such a manner as to support the judgment."

No issue was given or requested as to the first of the cluster of issues; i. e., whether the previous injury was compensable. The second and third issues were given; and under them, the jury found that the injury did contribute to Mabra's present incapacity, and that the percentage was 50%. The trial court's judgment was that the amount of Mabra's recovery should be reduced by 50% because of the previous injury. Thus the unsubmitted issue, the first of the cluster, is deemed to have been found by the trial court in support of its judgment,—a reduction of benefits by 50%.

The above rule as to deemed findings does not apply, however, if, as applicable here, counsel for the plaintiff objects to the court's charge because of the failure to submit one of the cluster of issues. Under Rule 274, the party objecting to the charge must distinctly point out the omission. As we read the objections filed on behalf of the plaintiff, no such distinct objection to the omission was made. The objection was,

"There is *no evidence* in this record to support the proposition that the plaintiff has sustained a prior compensable injury while in the course and scope of his employment of some employer who was subject to the provisions of the

Texas Workmen's Compensation [Law] or who was a subscriber to that act."

This objection seems to assume that the question or issue was submitted and that there was no evidence to support such issue. We do not regard it as distinctly pointing out that there was a failure to submit issue number one of the cluster of issues. We therefore conclude that this issue was deemed found by the trial court in support of its judgment; and, as indicated, we think there was some evidence to support such finding. There were no points in the court of civil appeals attacking the factual sufficiency of the evidence.

We have examined the other points, and they are overruled.

The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.