**Willie COOPER, Appellant,**

**v.**

**COMMERCIAL STANDARD FIRE & MARINE COMPANY, Appellee.**

**No. 7456.**

Court of Civil Appeals of Texas, Beaumont.

April 4, 1973.

Joe W. Steelman, Houston, for appellant.

Robert C. Floyd, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

STEPHENSON, Justice.

This is an action brought under the Workmen's Compensation Law. Trial was by jury and judgment was rendered for plaintiff on the verdict, from which he appeals. The parties will be referred to here as they were in the trial court.

Plaintiff sued for total and permanent disability because of an injury to his back. The jury found 5.43 weeks of total incapacity and permanent partial incapacity. The jury found his wage earning capacity during partial incapacity to be $139.50 per week; his medical charges were unnecessary; and that two prior accidents contributed 2% and 10% to his incapacity.

The judgment of the trial court allowed plaintiff to recover 5.43 weeks at $49 per week plus 60% of the difference between the stipulated wage rate of $155 and $139.-50 for 300 weeks, less 12% from prior disability.

Plaintiff has points of error that the 12% should not have been deducted be-

cause there was no evidence that the prior injuries were compensable injuries and that there was no evidence that they were a producing cause of plaintiff's incapacity. In passing upon these no evidence points, we consider only the evidence favorable to such findings. These points are sustained.

We have carefully read the statement of facts and there is no evidence that either of the injuries inquired about was a compensable injury nor that either injury contributed in any degree to plaintiff's present incapacity. In an attempt to support the trial court's action, defendant cites Transport Insurance Company v. Mabra, 487 S. W.2d 704, 707 (Tex.1972). Reliance upon this case is misplaced. The Supreme Court restates the rule that, in order to reduce the amount of recovery because of a previous injury, the insurance carrier must prove (1) that the previous injury was compensable, (2) contributed to the present incapacity, and (3) the amount or percentage of such contribution. In that case, the Supreme Court found that there was evidence to support the implied finding by the trial court that the previous injury was compensable. In that case, as in the one before us, no issue was submitted to the jury as to whether the previous injury was compensable. The Supreme Court held that the plaintiff's failure to object to the charge on that specific ground, under Rule 274, Rules of Civil Procedure, resulted in a deemed finding by the trial court that it was compensable. The difference in the *Mabra* case and the one before us is that there was evidence in the *Mabra* case to support the implied finding and there is none in the case before us.

■ Plaintiff's next point of error is that there is no evidence to support the failure of the jury to find that it was necessary for plaintiff to have medical services after September 8, 1970 to the date of the trial.

The uncontroverted evidence shows that plaintiff received an injury on his job and that defendant provided him with medical care from the date of his injury, March 6, 1970, until August 7, 1970. The doctor whom plaintiff secured to treat him after that date testified that the charges made thereafter were necessary for plaintiff's treatments because of the accident of March 6, 1970, and that the amount ($963) was reasonable, usual and customary in Harris County, Texas.

Art. 8306, § 7, Vernon's Ann.Civ.St., provides, in part, that the association shall provide medical care "at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury. . . . If the association fails to so furnish reasonable medical [care] as and when needed after notice of the injury . . . , the injured employee may provide said medical [care] at the cost and expense of the association. The employee shall not be entitled to recover any amount . . . unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time."

If defendant had failed to furnish plaintiff medical care at the time of his injury, then plaintiff would have been required to do nothing more than prove he had given notice of injury and then secured his own medical care. See Texas Employers' Insurance Ass'n v. Steadman, 415 S.W.2d 211, 217 (Tex.Civ.App., Amarillo, 1967, error ref. n.r.e.). However, as stated above, defendant began to furnish such care. Plaintiff then had the burden of proving and securing a jury finding that thereafter defendant refused, failed or neglected to furnish him medical care. There is some vague evidence in this record that the doctor to whom defendant had sent plaintiff for treatment told plaintiff he need not come back for further treatment. That testimony did not establish the fact, as a matter of law, that defendant refused, failed or neglected to furnish medical care. At best, it did no more than raise a question for the jury. See Liberty Universal Insurance Company v. Gill, 401 S.W.2d

339, 346 (Tex.Civ.App., Houston, 1966, error ref. n.r.e.); Few v. Charter Oak Fire Insurance Company, 463 S.W.2d 424 (Tex.1971), and Texas General Indemnity Company v. Youngblood, 466 S.W.2d 329, 332 (Tex.Civ.App., Fort Worth, 1971, error ref. n.r.e.). No request by plaintiff for such an issue is in this record. The point is overruled.

We have examined plaintiff's remaining points of error and, finding then without merit, they are overruled.

Having found error in the judgment, we proceed to enter the judgment which should have been rendered by the trial court. It is ordered that the judgment of the trial court be reformed and that the plaintiff do have and recover of and from the defendant the sum of $2,544.55, together with interest thereon at the rate of 6% per annum from and after August 28, 1972, together with all costs incurred in the trial court and upon appeal.

Reformed and affirmed.