**CHARTER OAK FIRE INSURANCE COMPANY, Appellant,**

v.

**Sam Henry BARRETT, Appellee.**

**No. 16607.**

Court of Appeals of Texas, San Antonio.

June 29, 1983.

*ny v. Yudin,* 188 S.W.2d 185 (Tex.Civ.App.—El Paso 1945, no writ).

Daniel Diaz, Jr., San Antonio, for appellant.

Robert Kahn, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

In this worker's compensation case, defendant, Charter Oak Fire Insurance Company, appeals from a judgment, based on jury findings, awarding plaintiff, Sam Henry Barrett, compensation for total and permanent disability caused by an injury sustained by plaintiff during the course of his employment with defendant's insured, Southwest Research Institute. On appeal defendant questions only the jury findings that plaintiff's average daily wage was $32.00 and that a prior injury did not contribute to plaintiff's present disability.

Defendant does not challenge the findings that plaintiff sustained a compensable injury in February, 1978, and that such injury was the producing cause of permanent and total disability. We affirm the judgment of the trial court.

Special issue number 5 asked the jury to find the "average daily wage which plaintiff earned during the days that he actually worked in the year preceding February, 1978," the date of his injury. Defendant's first four points challenge the legal and factual sufficiency of the evidence to support the jury's finding that plaintiff's aver-

age daily wage during the period in question was $32.00.

Defendant's first complaint is that the evidence was insufficient, legally and factually, to support a finding that plaintiff had worked at least 210 days during the year preceding his injury.

██ A legal insufficiency or "no evidence" point is disposed of by considering only the evidence, and the inferences which may rationally be drawn from such evidence, which support the jury finding. A factual sufficiency point, generally referred to as an "insufficient evidence" point, requires that we consider all of the evidence, including the evidence, and the inferences which may be drawn from the evidence, which would support a conclusion different from that drawn by the finder of fact. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

██ The parties agree that plaintiff sought recovery under § 1(1) of article 8309, Tex.Rev.Civ.Stat.Ann. (Vernon 1967), which is applicable only if the claimant worked 210 days during the year immediately preceding the injury. In such a case, the claimants "average weekly wages" "shall consist of three hundred (300) times the average daily wage or salary which he shall have earned during the days that he actually worked in such year, divided by fifty-two (52)."

Claimant had worked for Southwest Research Institute for 17 years preceding the 1978 injury. He testified that, both before and after the 1978 injury he reported for work at 8 o'clock. In answer to the question by defendant's counsel, "Is that your normal working time since you have been there?", he answered, "That's right, 9 until 5:00." He testified that his work schedule had not changed since he "had been there." He testified that he worked eight hours a day, "Monday through Friday," and that his work schedule after the accident was the same as before the accident.

Plaintiff's testimony was uncontradicted. Such testimony is "some evidence" and, in our opinion, "sufficient evidence", to support the conclusion that during the year preceding his injury he worked at least 210 days.

██ Issue 5 did not ask the jury to make a finding concerning the number of days plaintiff had worked during the year preceding his injury and no issue requiring the jury to make such determination was submitted. Defendant apparently objected "to the submission of" issue 5 on the ground that there was no evidence to support a finding that plaintiff had worked at least 210 days during the preceding year. This objection seems to assume that the question was submitted and that there was no evidence to support the submission of an issue inquiring as to the number of days worked. The objection was not sufficient to distinctly point out the failure of the trial court to submit an issue concerning the number of days actually worked by plaintiff. In the absence of such objection, we must presume that the trial court impliedly found that plaintiff had worked at least 210 days during the year preceding his injury, since there was legally and factually sufficient evidence to support such finding. Rule 279, Tex.R.Civ.P. (1981); *Transport Insurance Corp. v. Mabra,* 487 S.W.2d 704, 708 (Tex. 1972). In any event, there is nothing in the record to indicate that the trial court ever ruled on defendant's objection. *See* Rules 272, 276.

Defendant argues that there was no evidence or, in the alternative, insufficient evidence, that plaintiff earned a "daily wage." The contention is that the evidence only establishes that plaintiff was paid by the hour and that, therefore, his earnings or wages bore no relation to the number of days worked, but only to the number of hours worked. In advancing this theory, defendant relies on *Texas Employers' Insurance Association v. Clack,* 134 Tex. 151, 132 S.W.2d 399 (1939); *Texas Employers' Insurance Association v. Bewley,* 560 S.W.2d 147 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); and *Traders & General Insurance Co. v. Turner,* 149 S.W.2d 593 (Tex.Civ.App.—Fort Worth 1943, no writ). Those cases are not controlling here.

In *Clack* plaintiff did not contend that he was a daily wage worker. He was paid $122.00 a month, and the evidence showed that he worked five days one week and four days the next, and that he was paid in semi-monthly installments. 132 S.W.2d at 400. Under such a schedule, the number of days worked by plaintiff was not the same each month. Since he was paid the same monthly salary irrespective of the number of days worked during the month, the conclusion that he was not paid on a daily basis is sound. While *Clack* does point out that § 1(1) is applicable only where the employee is paid a daily wage, 132 S.W.2d at 401, it does not support the conclusion that a person whose wages are paid on the basis of an hourly rate does not earn a daily wage.

Similarly, *Texas Employers' Association v. Bewley, supra,* does not hold that a claimant who is paid at a stipulated rate per hour does not earn a "daily wage." In that case there was no evidence that plaintiff was paid any particular sum as wages and no evidence that he worked as many as eight hours a day on any particular day, or as many as 40 hours a week during any particular week. Consequently, there was no evidence from which the jury could compute the plaintiff's average weekly wage under Section (1).

In *Traders & General Insurance Co. v. Turner, supra,* the court assumed that no contention was made that the applicable wage rate could be calculated under § 1(1). 149 S.W.2d at 596. Therefore, the court had no occasion to determine whether plaintiff worked at all times during the year preceding his injury for the same employer. However, it was undisputed "that the work was intermittent, not continuous; that he worked by the hour when there was work to be done; that the timekeeper kept [plaintiff's] time along with all other employees and when he had worked enough hours to make a day or even half a day he was paid on the basis of $4.25 per day." 149 S.W.2d at 595. No consideration was given to the number of days plaintiff had worked in order to earn either a day's pay or half a day's pay.

In the case before us, plaintiff, unlike the employee in *Clack,* was not paid on a monthly basis irrespective of the days worked during the corresponding pay period. We do not have before us a case where, as in *Bewley,* it is impossible to determine what portion of the amount paid to plaintiff represented wages and what portion represented payment for rental of equipment. Nor is plaintiff in this case comparable to the employee in *Turner,* who worked only intermittently when work was available. All of the evidence in this case establishes that plaintiff regularly worked eight hours a day, five days a week, and there is nothing in the record to indicate that he worked only when work was available or that he was paid sporadically, as was the claimant in *Turner.* The plaintiff in this case was expected to work every day and to report to his supervisor when he would not be present for work.

In *Argonaut Southwest Insurance Co. v. Morris,* 420 S.W.2d 760 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.), plaintiff sought recovery under Section 1(2) because he had not worked 210 days during the period preceding his injury. In such a case, Section 1(2) provides that claimant's "average weekly wage shall consist of three hundred (300) times the average daily wage or salary which an employee of the same class, working at least two hundred ten (210) days of such immediately preceding year, in the same or in a similar employment, in the same or a neighboring place, shall have earned during the days that he actually worked in such year, divided by fifty-two (52)."

In those cases, then, where plaintiff cannot seek recovery under Section 1(1), because he did not work 210 days, his recovery will be based on the average weekly wage of another employee who possesses the characteristics outlined in Section 1(2). If plaintiff can point to such other employee, the determination of that employee's average weekly wage is determined by use of the same formula (300 times the average daily wage of such other employee divided by 52) which would have been used if plain-

tiff had worked 210 days during the year preceding his injury.

In *Morris,* plaintiff relied on Section 1(2) to establish his wage rate. He established that an employee of the same class was paid at the rate of $1.50 an hour regular pay and his overtime pay was $2.25 an hour. The regular pay earned during a full week was shown to be $60.00, with the amount of overtime pay varying. The court assumed that the $60.00 weekly regular pay was for a five-day, eight hour a day week. 420 S.W.2d at 765.

The court's assumption would lead to the conclusion that the worker's regular average daily wage was $12.00. All of the evidence, as recited in the opinion, concerned the amount which the employee received each week, and that some weeks he received as much as $118.50, including overtime. The trial court's finding that such worker earned an average weekly wage of "not less than $70.00 per week" necessarily means that, if the trial court applied the statutory formula, his average daily wage was between $12.00 and $13.00. The fact the worker in question was paid on a weekly basis, and the varying amounts he received per week compel the conclusion that his pay was based on the number of hours worked during that week rather than on the number of days worked. The *Morris* opinion points out that the worker did not work the same number of days each week. 420 S.W.2d at 765.

In *Morris* it was necessary for the court to assume that the worker worked eight hours a day plus overtime. We need indulge no such assumption in this case, since plaintiff testified he regularly worked eight hours a day. The amount normally earned by plaintiff each day in this case can be mathematically calculated without relying on assumptions.

If *Morris* applied the same formula mandated by statute as is applicable in this case, it is clear that the court determined an average daily wage although the evidence merely established how many hours the employee had worked each week, and not the number of days worked each week.

It is, of course, true that in *Morris* the question presented in this case was not considered. But the same is true of *Clack, Bewley* and *Turner,* the cases on which defendant relies.

▪ The undisputed evidence in this case shows that during the year preceding his injury, plaintiff earned $3.75 an hour in 1977, to $4.00 in July, 1977, to $4.25 in January, 1978. The jury's finding of an average daily wage of $32.00 was clearly reached by multiplying 8 (the number of hours worked per day) by $4.00. Although $4.00 ($3.75 + $4.00 + $4.25 divided by 3 = $4.00) is slightly high insofar as an average hourly wage is concerned, the discrepancy would not affect the amount of the award. The fact that defendant condemns the adoption of this approach, in reaching the conclusion that the jury's finding is supported by sufficient evidence, as "appellate mathematics" is, of course, irrelevant. It is clearly the approach adopted by the jury and, however described, is really nothing more than simple mathematics. In fact, the mathematics involved are simpler than those involved in *Morris.*

Appellant's first four points are without merit.

▪ The complaint concerning the jury's finding that an injury suffered by plaintiff in 1976, about two years prior to the injury of which plaintiff complains in this case, did not contribute to plaintiff's present disability presents no ground for reversal. The same is true of the contention that such finding is contrary to the overwhelming weight and preponderance of the evidence.

In order to reduce the recovery of a worker because of a previous injury under article 8306, section 12c, it was incumbent on defendant to prove not only that the previous injury was compensable and contributed to the present disability, but also the amount or percentage of such contribution. *Transport Insurance Corp. v. Mabra,* 487 S.W.2d 704, 707 (Tex.1972); *Hartford Accident & Indemnity Co. v. Haddock,* 511 S.W.2d 102 (Tex.Civ.App.—Tyler 1974, writ

ref'd n.r.e.). Even if we assume that the medical testimony established that the prior back injury contributed to plaintiff's present incapacity, the record contains no evidence concerning the percentage of contribution. Under these circumstances, an affirmative answer to the issue inquiring into the existence of contribution would not result in the rendition of a different judgment, and the error complained of cannot be ground for reversal.

The trial court submitted an issue seeking to establish the percentage or amount of contribution, but the jury was instructed not to answer such unless it found, in answer to the previous issue, that the 1976 injury had contributed to plaintiff's present incapacity. Appellant condemns this conditional submission of the percentage issue as error. However, this point is not briefed and will not be considered. In any event, as already pointed out, there was no evidence concerning the percentage of contribution and the issue should not have been submitted.

The judgment of the trial court is affirmed.