Garry Wayne **CAREY**, Appellant,

v.

**AMERICAN GENERAL FIRE AND CASUALTY COMPANY,** Appellee.

No. 09–91–146 CV.

Court of Appeals of Texas, Beaumont.

April 9, 1992.

Rehearing Denied April 30, 1992.

James R. Wilson, Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Kenneth Chambers, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This is a worker's compensation case. At issue in this appeal is the effect of a prior noncompensable injury on a worker's recovery for a specific injury. On June 27, 1990, Garry Wayne Carey sustained a specific injury to his left knee while in the course and scope of his employment as a laborer with Acme Skid & Plug. Carey sued his employer's carrier, American General Fire and Casualty Company, now Maryland Insurance Company ("American General"). The case was tried to a jury, which found that the on-the-job injury was a producing cause of total loss of use of his left leg from July 2, 1990 to October 8, 1990, and partial (25%) loss of the use of his left leg from October 9, 1990 to July 31, 1991.

There were no objections to the charge, which included questions inquiring of the percentage of total and partial loss of use of the left knee contributed by a football injury sustained in high school in 1982. The jury found 100% of the total loss of use and 75% of the partial loss of use were contributed by the football injury. The trial court entered judgment on the jury's verdict over Carey's motion to disregard the answers to the two questions on contribution. The trial court entered judgment for Carey for $799.38 plus medical expenses. Carey raises six points of error on appeal.

Carey briefs the first four points of error together, to wit:

Point of error one: The Trial Court erred in entering judgment upon defendant's Motion For Judgment as said Motion and the resulting judgment were based, in part, on answers to jury questions inquiring of the contribution to loss of use by a prior, noncompensable injury.

Point of error two: The Trial Court erred in denying plaintiff's Motion To Disregard Answers To Jury Questions as jury questions number 8 and 9 inquired of the contribution to loss of use by a prior, noncompensable injury.

Point of error three: The Trial Court erred in denying plaintiff's Motion For Judgment as said Motion sought a judgment based upon the answers to the only jury questions properly before the jury.

Point of error four: The Trial Court erred in failing to grant a new trial because the verdict upon which the judgment was entered was based, in part, on answers to jury questions improperly inquiring of the contribution to loss of use by a prior, noncompensable injury.

American General contends that Carey did not object to the charge and thus failed to preserve any of these four points for appellate review. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when it is immaterial. *C. & R. Transport, Inc v. Campbell*, 406 S.W.2d 191 (Tex.1966). The immateriality of a jury question may be raised by post-verdict motion to disregard, or even by the trial court on its own motion. *See Brown v. Armstrong*, 713 S.W.2d 725 (Tex.App. Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Clear Lake City Water Authority v. Winograd*, 695 S.W.2d 632 (Tex.App. Houston [1st Dist.] 1985, writ ref'd n.r.e.). Carey filed a motion to disregard jury findings and a motion judgment complaining of the matters raised on appeal, thus preserving error for review.

American General claims that it is entitled to contribution from the prior noncompensable knee injury pursuant to Tex. Rev.Civ.Stat.Ann. art. 8306 § 12c, *repealed by* Acts 1989, 2nd C.S., ch. 1, 1989 Tex.Gen. Laws 114, (current version at Tex.Rev.Civ. Stat.Ann. art. 8308–4.30 [Vernon Pamph. 1992]). In order to reduce the worker's recovery because of a previous injury under § 12c, the carrier must prove that the previous injury was compensable. *Transport Insurance Company v. Mabra*, 487

S.W.2d 704 (Tex.1972). Although *Mabra* involves a general injury rather than a specific injury, § 12c does not distinguish between a specific and a general injury. The Texas Supreme Court refused to read such a distinction into the statute in a factually distinguishable case, *Sowell v. Travelers Insurance Co.*, 374 S.W.2d 412 (Tex.1963); we, too, decline to apply § 12c in a manner other than provided in the statute itself. Points of error one through four are sustained.

■ Point of error five urges as error an irreconcilable conflict between the jury's answer to question 3, that the on-the-job injury was a producing cause of some period of total loss of use of the left leg, and question 8, that 100% of the total loss of use of the left knee as found in question three was contributed by the football injury. Point of error six presents as error an unresolvable conflict between the jury's answers to question 5, that Carey suffered a 25% partial loss of use of the left leg, and question 9, that 75% of the partial loss of use was contributed by the football injury. Carey did not present these complaints to the trial court and therefore waived error. TEX.R.APP.P. 52(a). Points of error five and six are overruled.

Jury questions 8 and 9 were immaterial to the disposition of the issues in the case because the evidence was conclusively established that Carey's prior injury was non-compensable. The trial court erred in failing to disregard the jury's findings to questions 8 and 9, and in entering judgment reducing Carey's recovery by the percentages attributable to the prior injury. Having found error, we reverse the judgment of the trial court and remand the case for entry of judgment in conformity with this opinion.

REVERSED AND REMANDED.