**KLEIN INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**Margaret A. WILSON, Respondent.**

**No. D–1701.**

Supreme Court of Texas.

April 29, 1992.

Rehearing Overruled Sept. 9, 1992.

Joseph A. Garnett, Lauren L. Beck, Houston, for petitioner.

Lennon C. Wright, Hugh J. Howerton, Susan A. Allinger, Houston, for respondent.

PER CURIAM.

This is a worker's compensation case. The trial court rendered judgment based on jury findings that the worker's disability was 90 percent due to prior injuries and only 10 percent caused by the accident made the basis of suit. On the sole ground that no expert testimony was presented to establish a percentage range within which the prior injuries contributed to the claimant's disabilities, the court of appeals reversed the trial court judgment and rendered judgment that the worker recover 100 percent compensation. 817 S.W.2d 371, 372.

The jury found that 90 percent of Margaret Wilson's total and permanent disability was due to three prior work-related injuries. The court of appeals concluded no evidence supported the finding because there was no expert medical testimony offered fixing a percentage range by which prior injuries might have contributed to Wilson's disability. The court reasoned that such expert testimony is required to support a reduction of benefits under article 8306, section 12c of the Revised Civil

**4**

Statutes, basing its decision on *Transport Insurance Co. v. Mabra*, 487 S.W.2d 704 (Tex.1974). The *Mabra* opinion states that in order to reduce the recovery of a worker's compensation claimant because of a previous injury under article 8306, section 12c, the insurer must prove "the amount or percentage of such contribution." *Id.* at 707.

*Mabra* does not, however, address the type of proof necessary to show percentage contribution of prior injuries. The court of appeals in this case also relies upon *Transamerica Ins. Co. v. Hernandez*, 769 S.W.2d 608 (Tex.App.—Corpus Christi 1989, writ denied), which held that failure to present evidence of a range of percentages of contribution from prior injuries is fatal to the insurance carrier's attempt to reduce benefits. *Id.* at 611.

The *Hernandez* opinion, along with the opinion of the court of appeals here, conflicts with *Lumbermen's Mutual Casualty Co. v. Martinez*, 763 S.W.2d 621 (Tex. App.—Eastland 1989, writ denied). The *Martinez* court held that when there is no direct medical opinion testimony of the exact percentage a prior injury contributed to present incapacity, other types of evidence of probative value can support the jury's percentage findings. *Id.* at 623.

The *Martinez* case represents the more workable solution to the problem. Further, it is more consistent with this court's opinion in *Texas Employers' Insurance Ass'n v. Etheredge*, 154 Tex. 1, 272 S.W.2d 869 (1954), in which we held the jury could find a five percent contribution to the present disability from the prior condition, although no expert medical testimony assigned less than 100 percent of the cause to the prior condition. We held there was some evidence to support the five percent finding.

We hold that expert medical evidence of a specified range or percentage by which the prior injury or condition contributed to the disability is not required, provided there is detailed evidence which shows in reasonable medical probability the cause of the injury and which concerns how the prior injury contributed or probably contributed to the present disability. Such evidence would allow the jury to assign a percentage of contribution from prior injuries, any percentage expressed by a medical expert being but one possible factor for the fact finder to consider. *See, e.g., Corcoran v. Foster Auto*, 746 S.W.2d 452, 457 (Tenn.1988).

We disapprove the language in *Hernandez* and any other case contrary to our holding here. Pursuant to Tex.R.App.P. 170, without hearing argument, a majority of the court grants the application for writ of error, reverses the judgment of the court of appeals, and remands the cause to the court of appeals for further proceedings consistent with this opinion.