**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Julio M. GOMEZ, Appellee.**

No. 08–88–00007–CV.

Court of Appeals of Texas, El Paso.

Aug. 10, 1988.

Rehearing Denied Sept. 7, 1988.

Connell Ashley, Steve Hershberger, Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Ruff Ahders, Ruff Ahders Associated, Odessa, Michol O'Connor, Houston, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a workers' compensation case, the jury returned a take nothing verdict for the insurance carrier. The trial court granted a motion to disregard certain jury answers and entered judgment for the worker, resulting in this appeal. We affirm the judgment of the trial court.

Appellee, Julio Gomez, suffered an on-the-job compensable injury to his left leg below the knee on December 6, 1979, which resulted in surgery. The following year surgery was performed again in which a plate was inserted in the left leg. In 1985, Dr. Duke of Odessa, Texas, performed a third surgery on the leg to remove the plate that had been inserted. Appellee had not worked since the initial accident of 1979. After the third surgery, he went to work for Johnson Industries (the insured in the instant case) on January 13, 1986. He suffered an injury to the same left leg some twenty days after going to work which has resulted in this lawsuit. Appellant, Texas Employers' Insurance Association, among other pleas, urged that the injury was confined to the left leg below the knee, and contended that if Appellee suffered any disability it was the result of a prior injury.

The jury, in answer to the issues submitted, found that Appellee had sustained an injury on February 5, 1986, which was a producing cause of some total loss of use of his left leg below the knee and that the total loss of use was temporary for a period of 125 weeks. The jury answered that Appellee had sustained a prior compensable injury on December 6, 1979, which contributed 100 percent to Appellee's incapacity suffered as a result of the February 5, 1986 accident. Appellee filed a motion to disregard that part of the jury verdict that found that the December 6, 1979 accident contributed to Appellee's incapacity and that it contributed 100 percent to the February 5, 1986 incapacity. The court granted the motion and entered judgment for the Appellee in the amount of $27,635.33.

Points of Error Nos. One and Two assert the trial court erred in granting Appellee's motion to disregard the contribution issues because there was some evidence to support the jury's findings.

A trial court may only disregard any special issue that has no support in the evidence. Tex.R.Civ.P. 301. In considering "no evidence" points, the appellate court should consider only that evidence, and reasonable inferences therefrom,

which viewed in its most favorable light supports the jury's finding and rejects all evidence or reasonable inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Campbell v. Northwestern National Life Insurance Company*, 573 S.W.2d 496, 497 (Tex.1978). The trial court may not disregard the jury's answer to a special issue merely because the evidence is factually insufficient to support the same. *Garza v. Alviar*, 395 S.W.2d 821, 824.

In order to reduce the recovery because of a previous injury under Tex.R.Civ.Stat. Ann. art. 8306, sec. 12c (Vernon Supp. 1988), the insurance company has the burden of proving by a preponderance of the evidence that (1) the previous injury was compensable, (2) that it contributed to the present incapacity, and (3) the amount or percentage of such contribution. *Transport Insurance Company v. Mabra*, 487 S.W.2d 704, 707 (Tex.1972). Because these issues are submitted as a cluster of issues, if there is no evidence to support one of the issues, it is proper for the court to refuse to submit or disregard a finding on all of these issues. *Millers Mutual Fire Insurance Company of Texas v. Monroe*, 495 S.W.2d 625, 627 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.).

The evidence was conclusive as to the prior compensable accident and there was evidence sufficient for the submission of the jury issue as to whether or not the prior accident contributed to Appellee's incapacity. The question is whether or not Appellant sustained its burden of proving by a preponderance of the evidence that the prior compensable injury contributed 100 percent to the incapacity found by them.

Appellant relies on Dr. Duke's notes dated May 7 and May 14 of 1986 to sustain its burden. Those notes state:

This stress fracture would technically be considered a new injury. However, it was the result of the old injury. What appears to have happened is that with the removal of the plate and screws and given the amount of angulation that he had in his leg from his previous injury,

he has sustained a stress fracture which passes through one of the screw holes where the hardware was removed. This is currently under treated [sic] with a cast. So, the points to be made is [sic] that this is a new injury, but he was predisposed to this injury by the amount of angulation and the previous hardware which were put into place because of the original injury.

Appellant failed to sustain its burden because the above testimony merely states that the Appellee was predisposed to be injured at the location of where the prior injury had occurred. It cannot support a finding that there was testimony that the incapacity suffered by Appellee was contributed to 100 percent by the prior accident. The prior accident may have made Appellee more likely to suffer another injury in the same location on the body, but the testimony of Dr. Duke does not state that the incapacity that occurred as a result of the February 5, 1986 was solely due to the December 6, 1979 accident. In fact, the hospital records of Medical Center Hospital, Department of Radiology, indicate that a bone scan was done by Dr. R.F. Lewis for possible stress fractures, and his report of March 19, 1986 stated, "AP and lateral radiographs show a rather sharply demarcated anterior fracture line which is not seen on our last study of 8–21–85 and probably represents a stress-type fracture or other re-injury."

No deposition or testimony by any doctor was offered in trial in regard to a medical opinion as to the amount or percentage of contribution the pre-existing injury might have contributed to the incapacity of the Appellee. *Charter Oak Fire Insurance Company v. Barrett*, 655 S.W.2d 333 (Tex. App.—San Antonio 1983, no writ).

Appellee objected to the trial court's charge in regard to submission of the cluster issues on the prior injury but was overruled. The issues were submitted. After the verdict, the court, upon reflection, properly granted the Appellee's motion to disregard the cluster issues.

■ Appellant's Points of Error Nos. One and Two are overruled. Point of Error No. Three asserts the trial court's judgment should be reversed because the jury's answer to Special Issue No. Three, which found that Appellee's injury was a producing cause of the total loss of use of Appellee's left leg, was against the great weight and preponderance of the evidence.

Appellee's testimony was sufficient to support the jury's finding.

Point of Error No. Three is overruled.

■ Appellee, by cross-point, contends this Court should assess a ten percent penalty against Appellant for filing a frivolous appeal. In view of the jury verdict, we cannot say that Appellant's appeal is frivolous and, therefore, overrule the crosspoint.

We affirm the judgment of the trial court.