**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

**v.**

**Billy R. LYNN, Appellee.**

**No. 08–88–00155–CV.**

Court of Appeals of Texas, El Paso.

Nov. 16, 1988.

Rehearing Denied Dec. 14, 1988.

Connell Ashley, Joel B. Locke, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellant.

Ruff Ahders, Ruff Ahders, Associated Odessa, Michol O'Connor, Houston, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

OSBORN, Chief Justice.

May a doctor who treated a worker's compensation claimant after a prior injury testify as to the percentage of incapacity a worker has which is attributable to the first injury in a case involving a subsequent injury when the doctor did not examine or treat the claimant after the second injury? We conclude that the answer is "yes", and the judgment of the trial court must be reversed because of the failure of the court to submit to the jury contribution issues concerning incapacity resulting from the prior injury. We reverse.

Billy Lynn sustained a back injury on January 25, 1984, while employed by Sharp Drilling. He was treated by Dr. Manicom who subsequently performed a laminectomy. This accident resulted in a compensable injury for which Mr. Lynn was paid worker's compensation benefits.

On September 21, 1986, while working at a 7–Eleven store, he again injured his back. As a result of this injury he was treated by Dr. Hochschuler.

In answer to the plaintiff's petition seeking compensation benefits for the 1986 injury, the compensation carrier alleged that the prior compensable injury contributed to the present disability of the claimant. Dr. Hochschuler's testimony was presented to the jury through answers to written interrogatories in which he stated that Mr. Lynn's prior accidents, including the one in January 1984, and an earlier accident in January 1975, have contributed to Mr. Lynn's present incapacity. He did not testify as to the amount or percentage which such prior injuries contributed to the present incapacity. Dr. Manicom's testimony was also presented through answers to written interrogatories and he testified that following the surgery which he performed after the 1984 injury, that the patient would have some minor amount of disability "being in the 10 to 15 percent range on a permanent basis." There was also offered in evidence as an exhibit attached to his deposition, a letter written by Dr. Manicom following the back surgery in 1985, in which he said "[a]s far as permanent partial disability, I believe we are thinking in the area of 30–40% because of these limitations which are secondary to his lumbar disk disease contributed to or created entirely by his 1–84 accident."

The transcript includes special issues which inquired (1) if the plaintiff sustained an on-the-job compensable injury on January 25, 1984, (2) if that prior injury contributed to any incapacity found by the jury and (3) the percentage, if any, that plaintiff's injury of January 25, 1984, contributed to the incapacity found by the jury as a result of the September 1986 accident. All three issues are marked "denied". The jury, by its verdict, found that Mr. Lynn sustained total and permanent incapacity as the result of his accident while employed by 7–Eleven. Judgment was entered upon that verdict.

■ By a single point of error, the Appellant asserts the trial court erred in refusing to submit the requested special issues on the contribution defense. In the leading case on this subject, Chief Justice Greenhill in *Transport Insurance Company v. Mabra*, 487 S.W.2d 704 (Tex.1972), wrote that in order to reduce the recovery of a workman because of a previous injury, "the insurance carrier must prove (1) that the previous injury was compensable (2) contributed to the present incapacity, and (3) the amount or percentage of such contribution." That rule still applies today. *Texas Employers' Insurance Association v. Gomez*, 756 S.W.2d 80 (Tex.App.—El Paso 1988, no writ).

In this case, there is no dispute about the first two elements. If there is no evidence of the amount or percentage of contribution which a prior injury contributes to a claimant's present incapacity, then there is no need to submit contribution issues. *Millers Mutual Fire Insurance Company of Texas v. Monroe*, 495 S.W.2d 625 (Tex.Civ. App.—Waco 1973, writ ref'd n.r.e.).

■ In this case, both the doctor for the claimant and the doctor for the carrier testified that the 1984 injury did contribute to the incapacity of the claimant following his 1986 accident. Only Dr. Manicom placed a percentage on that incapacity. The Appellee asserts that, because Dr. Manicom did not examine the claimant following the 1986 accident, he could not testify as to how much the 1984 injury contributed to his present incapacity. First, we note that

there was no objection when the testimony of Dr. Manicom was offered and any issue about his qualification to testify concerning the percentage of incapacity which the 1984 injury caused following the 1986 accident has been waived. Even had an objection been made, we conclude that it would not have been valid. In *Sowell v. The Travelers Insurance Co.*, 374 S.W.2d 412 (Tex. 1963), the Supreme Court considered the question of a claimant's incapacity alleged to have resulted from a prior injury. In that case, the same doctor treated the claimant for a 1950 accident resulting in a broken leg and a 1960 accident resulting in a back injury. In considering the doctor's testimony, Justice Greenhill, writing for the Court, said:

> Dr. Pennington said that after this leg injury he had been of the opinion that Sowell would suffer a 25 per cent partial loss of the use of said leg. The doctor did not express an opinion as to the duration of the partial incapacity. On this trial, he said that his memory did not go that far back; that his records did not reflect a permanent partial loss. But he said he did send Sowell back to work with the opinion that he would 'thereafter have a 25% partial loss of use of the left leg.' The foregoing testimony constitutes some evidence that Sowell's leg injury of 1950 contributed to his present incapacity.

■ Quite clearly in the *Sowell* case, the doctor did not relate his opinion as to contribution based upon his subsequent examination and treatment of the claimant, but instead testified solely upon his determination following his treatment after the first injury. That being the case, there is no reason why in this case the doctor who treated the claimant after his first injury should be required to examine him following a subsequent injury to determine contribution from a prior injury when he was of the opinion that there would be a permanent partial incapacity following the first injury.

By way of further response to the Appellant's point of error, the Appellee asserts the insurance company waived any com-

plaint about the charge. The argument is made that the issues which appear in the transcript and are marked "denied" are not identified as issues requested by the Appellant, and further that there is no signature of the trial judge reflecting that she is the one who refused to submit the issues. The Appellee relies upon that part of Rule 276, Tex.R.Civ.P., which provides that when a question is requested and the trial judge refuses the same, "the judge shall endorse thereon 'refused,' and sign the same officially." From a purely technical standpoint, that rule was not complied with. And if that was the only thing before the court, we might be inclined to sustain the Appellee's contention. But, the record also includes the objections to the court's charge as made by counsel for the Appellant, and the very first objection was a failure of the court to submit "a contribution issue insofar as the January 25, 1984, accident is concerned." The conclusion of the objection recites "[t]he Defendant herein respectfully tenders to the Court a proposed contribution issue insofar as this case is concerned." The record further reflects that counsel for the Appellee was well aware that that issue had been requested, and in the discussion of other objections he said "I think, if they do in fact appeal in this case, as I think they may because of the contribution question...." After all objections had been made, the Court said "I am going to overrule your objections to the charge."

 Rule 1, Tex.R.Civ.P., provides that the objective of the Rules of Civil Procedure "is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." While there may be a technical violation of Rule 276 in that the trial court wrote "denied" rather than "refused" and did not sign the same officially, the record reflects that the issue was timely presented, opposing counsel knew it was before the trial court and the trial court clearly refused to submit it. The Appellant's Point of Error No. One is sustained.

By a single cross point, the Appellee asserts this Court should assess a ten percent penalty against the insurance company for filing this appeal. When an Appellant has been successful in its appeal, the appellate court cannot conclude that the appeal has been taken for delay and without sufficient cause. Appellee's cross-point is overruled.

The judgment of the trial court is reversed and the case is remanded for a new trial.