**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**David ALCANTARA, Appellee.**

**No. 9639.**

Court of Appeals of Texas, Texarkana.

Jan. 24, 1989.

Johnny R. McCollum, Sharp, Ward, Price & Searcy, Longview, for appellant.

Jim Ammerman II, Marshall, for appellee.

BLEIL, Justice.

Texas Employers Insurance Association appeals a judgment setting aside its workers' compensation claim settlement agreement with David Alcantara. Texas Employers contends that no evidence or insufficient evidence exists to support certain jury findings, and that the trial court erred in its submission of the questions to the jury and in failing to define a term. We find no error and affirm.

Alcantara injured his back in July of 1985 while employed as a forklift operator at Henderson Clay Products. Alcantara visited John G. Adams, Henderson Clay Products' company medical doctor, who diagnosed Alcantara as suffering from acute back strain, advised him to restrict his lifting, and prescribed medication. Adams later referred Alcantara to Robert E. Holladay, a medical doctor and orthopedic surgeon. Tests by Holladay indicated no abnormality in Alcantara's spine. Holladay diagnosed Alcantara's injury as minor muscle strain, prescribed pain pills, and recommended that he return to work. Neither Adams nor Holladay advised Alcantara of the possibility that back surgery would be required.

Believing that he suffered only muscle strain, Alcantara signed a settlement agreement with Texas Employers on December 4, 1985, providing him with $3,500.00 plus one year of future medical expenses. Alcantara's back pain became worse. On August 20, 1986, Holladay referred him to a more conveniently located medical doctor, Douglas E. Duncan, who diagnosed Alcantara as suffering from a herniated disk at L4–L5. Duncan then referred Alcantara to Kevin Gill, a medical doctor and surgeon, who confirmed Duncan's diagnosis and performed a percutaneous diskectomy at L4–L5, a removal of a portion of the disk, on October 20, 1986. Duncan's reports of Alcantara's subsequent condition indicate that the surgery substantially reduced his back pain. Alcantara sued to set aside the settlement agreement, the jury found in Alcantara's favor, and the trial court entered a judgment on the verdict.

On appeal, Texas Employers complains that no evidence exists to support the submission of a question to the jury regarding whether Holladay was mistaken in his representation to Alcantara. Submission of questions to the jury is a matter within the discretion of the trial court. *Cole v. Crawford,* 69 Tex. 124, 5 S.W. 646, 648 (1887); *Ked–Wick Corp. v. Levinton,* 681 S.W.2d 851, 855 (Tex.App.—Houston [14th Dist.] 1984, no writ). The trial court's discretion is subject only to the requirement that the questions submitted must: 1) control the disposition of the case; 2) be raised by the pleadings and the evidence; and 3) properly submit the disputed issues for the jury's determination. *See Beaty v. Bales,* 677 S.W.2d 750, 755 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.); *Baker Marine Corp. v. Moseley,* 645 S.W. 2d 486, 488–89 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); Tex.R.Civ.P. 277; Tex.R.Civ.P. 278. We conclude that the trial court properly submitted the question because: 1) whether Holladay misrepresented Alcantara's injury to him controls the disposition of the case; 2) the question of Holladay's misrepresentation is raised by the pleadings and the evidence; and 3) whether a misrepresentation exists was disputed and therefore required the jury's determination.

Next, Texas Employers contends that the trial court erred in submitting a question to the jury regarding the value of Alcantara's injury and further erred in failing to submit a question regarding whether Alcantara had a meritorious claim to more compensation than was provided by the settlement agreement. The trial court is required to submit the controlling questions raised by the pleadings and the evidence, and once the controlling questions have been submitted, does not err in refusing to submit other questions and various shades of the same question. *Sinko v. City of San Antonio,* 702 S.W.2d 201, 208 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); Tex.R.Civ.P. 278. A controlling question is one which, if answered favorably on the theory in which it is presented, will support a basis for judgment for the proponent of the issue. *Gomez v. Franco,* 677 S.W.2d 231, 234 (Tex.App.—Corpus Christi 1984, no writ). To set aside a workers' compensation claim settlement agreement, a worker must show that misrepresentations concerning his or her injuries were made by the employer or compensation carriers; that the worker relied on those misrepresentations in making the settlement; and that there was a meritorious claim for more compensation than had been paid. *Rodriguez v. American Home Assur. Co.,* 735 S.W.2d 241, 242 (Tex.1987); *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 468 (1949); *Texas Employers' Ins. Ass'n v. Remy,* 752 S.W.2d 617, 620 (Tex.App.—Fort Worth 1988, no writ). In asking whether the value of Alcantara's injury was greater than the value agreed to in December 1985, the trial court fairly presented the controlling question to the jury. There was no requirement that the trial court further ask whether Alcantara's claim was worth more than the amount of compensation agreed to.

In addition, Texas Employers contends that the trial court erred in failing to define the term "value" used in a jury question. The trial court has considerable discretion in deciding what instructions are necessary and proper, although it must give definitions of legal and other technical terms. *Green Tree Acceptance, Inc. v. Combs,* 745 S.W.2d 87, 89 (Tex.App.—San Antonio 1988, writ denied); *Bolling v. Baker,* 671 S.W.2d 559, 566 (Tex.App.—San Antonio 1984, writ dism'd), *cert. denied,* 474 U.S. 824, 106 S.Ct. 79, 88 L.Ed.2d 64 (1985). The term "value" is not what would ordinarily be thought of as a legal or technical term requiring a definition from the court. Moreover, Tex.R.Civ.P. 278 provides that the trial court's failure to submit a definition is not a ground for reversal of the judgment unless a substantially correct definition was requested in writing and tendered by the party complaining of the judgment. Although Texas Employers submitted a definition of the term "compensation," it failed to submit a definition of value. By failing to submit a substantially

correct definition of value, Texas Employers waived any error on appeal.

■ Next, Texas Employers complains that no evidence or insufficient evidence exists to support the jury's findings that Adams and Holladay mistakenly represented Alcantara's injury to him. When reviewing a judgment on a no evidence ground, we consider the evidence and inferences tending to support the trial court's judgment and disregard all evidence and inferences to the contrary. *Jones v. DRG Financial Corp.*, 722 S.W.2d 402, 406 (Tex. 1987); *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981). If there is any evidence of probative force to support the findings, the point of error must be overruled and the findings upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). When reviewing a jury verdict to determine factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In considering a challenge to the sufficiency of the evidence, we recognize that the function of the jury, as the trier of fact, is to judge the credibility of the witnesses, assign the weight to be given their testimony, and resolve any conflicts or inconsistencies in the testimony. *Texas Employers' Ins. Ass'n v. Jackson*, 719 S.W.2d 245, 249, 250 (Tex.App.—El Paso 1986, writ ref'd n.r.e.); *Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). We may not substitute our judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Texas Employers' Ins. Ass'n v. Courtney*, 709 S.W.2d 382, 384 (Tex.App.—El Paso 1986, writ ref'd n.r.e.); *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

■ Applying these standards of review, we conclude that sufficient evidence exists to support the jury's findings. Although no witness testified to the accuracy or inaccuracy of Adams's or Holladay's diagnosis at the time that it was made, medical records show that Alcantara required a percutaneous diskectomy fifteen months after both Holladay and Adams diagnosed him as having only minor back strain. Holladay testified that absent an intervening injury, Alcantara's need for surgery relates back to his July 1985 injury. No intervening injury was shown. Alcantara was under continuous medical care for back pain from the time of his injury in July 1985, until his surgery in October 1986, by four medical doctors, including Adams, Holladay, Duncan and Gill. Significantly, Holladay testified that a patient may have a disk injury that does not immediately cause a ruptured disk, but degenerates to a ruptured disk over time. Since no new injury was shown, and back surgery was subsequently required, it may be reasonably inferred that Alcantara suffered a disk injury resulting from the July 1985 event and that Adams and Holladay failed to correctly represent to Alcantara the full extent of his injury. Sufficient evidence exists to support the jury's findings that both Adams and Holladay mistakenly represented Alcantara's injury to him.

■ Texas Employers also maintains that no evidence or insufficient evidence exists to support the jury's finding that the value of Alcantara's injury exceeded the amount of the settlement agreement. The medical records show that he required surgery, while under the settlement agreement he was compensated for a muscle strain injury, not for a herniated disk requiring a percutaneous diskectomy. We conclude that the evidence—including the medical records of Alcantara's percutaneous diskectomy—support the jury's finding.

The judgment of the trial court is affirmed.