**CHEMICAL EXPRESS CARRIERS,
INC., Appellant,**

v.

**Oscar PINA, Appellee.**

No. 08–91–00037–CV.

Court of Appeals of Texas,
El Paso.

Oct. 16, 1991.

Rehearing Overruled Nov. 27, 1991.

David L. Curl, Dudley Dudley & Windle, El Paso, Jack Pew, Jr., Jackson & Walker, David T. Moran, Jackson & Walker, Dallas, for appellant.

James F. Scherr, Law Offices of James F. Scherr, Charles Louis Roberts, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

Oscar Pina sued and obtained a judgment against his employer for a work related injury. His employer was without workers' compensation insurance coverage

having allowed it to lapse. We affirm in part, reverse and render in part, as well as reverse and remand in part.

## FACTS

At the time of the accident, Oscar Pina was fifty-six years old and had been a truck driver for thirty years. On January 27, 1988, he and another truck driver were making a delivery of diesel fuel to an army facility which happened to be a first-time customer of Chemical Express.

The fuel storage tank at the facility was below ground and access to the tank was to be obtained by removal of a manhole cover that weighed approximately 400 pounds. A soldier attempted to assist Oscar Pina in lifting the manhole cover. The cover was lifted waist high instead of merely raising it a few inches above ground level and sliding it to the side. The soldier lost his grip and the cover fell on Oscar Pina causing him injury. Chemical Express referred him to a doctor. After seeing various doctors, Appellee filed a claim for workers' compensation benefits. His claim was denied on the basis that Chemical Express had no workers' compensation coverage. Pina did not return to work and was ultimately fired.

## THIS LAWSUIT

Oscar Pina sued Chemical Express seeking damages alleging various and alternate theories of recovery:

- Common law negligence and gross negligence;
- Breach of contract seeking compensation benefits as if Chemical Express had workers' compensation coverage;
- Breach of duty of good faith and fair dealing in the delay or failure to pay workers' compensation benefits; and
- Wrongful discharge from employment with Chemical Express because he had filed a workers' compensation claim and/or hired a lawyer.

## THE JURY VERDICT

Over objections by Chemical Express, the trial court submitted the case to the jury on all of Appellee's theories (as if there was not any workers' compensation coverage and as if there was workers' compensation coverage). The jury found:

- Chemical Express was guilty of negligence and gross negligence in causing Oscar Pina's injury setting his damages at $693,500.09.
- On the workers' compensation questions, Oscar Pina was totally and permanently disabled;
- Oscar Pina was wrongfully discharged by Chemical Express because of filing his compensation claim and/or hiring a lawyer setting his damages at $45,-000.00;
- Chemical Express breached its duty of good faith and fair dealing in failing to pay Oscar Pina benefits under the workers' compensation law. His damages were set at $50,000.00 actual and $100,-000.00 exemplary damages.

## THE TRIAL COURT JUDGMENT

Appellee did not ask for or assert any objection to the judgment that the trial court entered. Appellant continually and consistently objected to the failure of the Appellee to make an election as to his theory of recovery. However, pursuant to the findings of the jury, the trial judge entered judgment for Appellee for:

- Damages due to the negligence and gross negligence of the Appellant;
- Damages for the breach of duty of good faith and fair dealing by Chemical Express in failing to pay workers' compensation benefits;
- Damages for the wrongful discharge of Oscar Pina by Chemical Express because he had filed a workers' compensation claim and/or hired a lawyer.

The total judgment entered by the trial court amounted to $903,406.64 plus post-judgment interest and costs.

## POINTS OF ERROR

Chemical Express asserts twenty points of error. Attack is made on all findings made in favor of Oscar Pina. Appellant

states there was no evidence and/or insufficient evidence to support those findings.

In addition, Appellant urges that the trial court erred in failing to submit a sole cause instruction in regard to the negligence questions submitted to the jury.

Chemical Express further asserts the trial court erred in entering judgment based on the inconsistent theories of recovery, namely: common law negligence and lack of good faith and fair dealing in the delay or refusal to pay workers' compensation benefits.

The court in its judgment specifically states that the Appellant *"breached its agreement and is liable to Plaintiff OSCAR PINA in the same fashion as if it had workers [sic] compensation insurance."* [Emphasis added].

 Oscar Pina had the right to sue his employer for breach of contract when there was a representation of the existence of workers' compensation coverage. *Anderson–Berney Realty Co. v. Soria,* 123 Tex. 100, 67 S.W.2d 222 (1933). Appellee, therefore, was also entitled to assert his cause of action for lack of good faith and fair dealing on the part of Chemical Express in delay or failing to pay workers' compensation benefits. *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210 (Tex.1988).

 *May Oscar Pina recover damages under a negligence theory because of no workers' compensation coverage AND at the same time recover damages from the employer for lack of good faith and fair dealing in its failure to pay benefits as if there was workers' compensation coverage?* We hold that he cannot. Appellee accepted the judgment entered by the trial court that did not allow for an award pursuant to the total-permanent jury findings under the workers' compensation questions. We find that such acceptance, without objection, constituted an abandonment, waiver and/or an election to forgo workers' compensation benefits, including the damages awarded by the jury for lack of good faith and fair dealing in failing to pay any benefits due.

If we are incorrect in finding abandonment, waiver and/or election, we still cannot allow the judgment to stand allowing damages under the inconsistent theories of common law negligence and workers' compensation. Indeed, the legislative purposes for enacting the workers' compensation law was to provide an alternative to the common law theories of recovery. This purpose is evident in Article 8308, Section 3.08 of the Workers' Compensation Act. This particular provision, applicable to subscribers of the Act, requires an affirmative election on the part of the employee if the employee wishes to retain his common law rights. Tex.Rev.Civ.Stat.Ann. art. 8308, § 3.08 (Vernon Supp. Pamphlet 1991).

In *Aranda v. Insurance Co. of North America,* 748 S.W.2d at 212, the Court stated:

> As between the compensation carrier and the employee, there is a promise for a promise: the carrier agrees to compensate the employee for injuries sustained in the course of employment, and the employee agrees to relinquish his common law rights against his employer. [Emphasis added].

 This pronouncement by our Supreme Court clearly indicates that workers' compensation and negligence are two *co-existing* but yet *inconsistent* remedies.

Therefore, we find the trial court erred in entering judgment for Appellee under the alternate theories of negligence and lack of good faith and fair dealing. *Southern County Mutual Insurance Company v. First Bank and Trust of Grovers,* 750 S.W.2d 170 (Tex.1988).

The judgment of the trial court awarded Appellee $693,500.09 on the common law theory of negligence, including gross negligence. The judgment also awards Appellee $150,000.00 for the lack of good faith and fair dealing in failing to pay workers' compensation benefits. Oscar Pina should not be foreclosed in his attempt to recover on the negligence theory which might afford him a greater recovery. *Id.* at 173, 174; *Stevenson v. Koutzarov,* 795 S.W.2d 313 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

## NEGLIGENCE AND GROSS NEGLIGENCE

### A. Negligence

■ To show ordinary negligence by an employer, the injured employee must prove that the employer breached a duty and that the breach was a proximate cause of the damages incurred. *El Chico Corporation v. Poole*, 732 S.W.2d 306 (Tex.1987). The breach must be the "cause in fact" of the injury, and the injury must also be foreseeable. *Harrison v. Harrison*, 597 S.W.2d 477 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). An employee must be furnished a safe place to work and must be furnished suitable tools to do the work safely. *J. Weingarten, Inc. v. Sandefer*, 490 S.W.2d 941 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.).

■ After review of the evidence and the inferences that support the jury verdict, it is clear that there is more than a scintilla of evidence to support the findings of breach of duty and proximate cause. *Stafford v. Stafford*, 726 S.W.2d 14 (Tex. 1987). The evidence showed that Chemical Express failed to inspect the delivery site and failed to instruct employees on how to lift heavy objects even though the company was aware that at times their drivers would be required to lift heavy tank covers. Evidence also showed that Pina was not furnished a specialized tool for lifting tank covers which might have prevented him from raising the tank cover waist high.

We are not fact finders and we may not substitute our judgment for that of the jury. There was certainly conflict in the evidence upon which a different verdict could have been reached. *Texas Employers Insurance Association v. Alcantara*, 764 S.W.2d 865 (Tex.App.—Texarkana 1989, no writ). However, the evidence was factually sufficient to support a finding of ordinary negligence.

### FAILURE TO SUBMIT A SOLE CAUSE INSTRUCTION

■ Chemical Express requested a sole cause instruction but the trial court refused. Appellee contends that Appellant failed to preserve error because the denial of the requested instruction was not signed by the trial judge as provided by Tex. R.Civ.P. 276. However, the record clearly demonstrates that the instruction was "timely presented, opposing counsel knew it was before the trial court and the trial court clearly refused to submit it." *American Motorists Insurance Company v. Lynn*, 762 S.W.2d 229 (Tex.App.—El Paso 1988, writ denied). Even though Rule 276 was not fully complied with, we find that Appellant's asserted error is properly before us.

■ The sole proximate cause instruction is available to an employer in a negligence action because it is related to the "no proximate cause" defense. Appellant did plead sole proximate cause, and there is some evidence to support its submission. In particular, Oscar Pina testified that the injury occurred when the "soldier lost the grip" of the tank cover. Therefore, under the evidence before us, the trial court should have instructed on "sole proximate cause." *Herrera v. Balmorhea Feeders, Inc.*, 539 S.W.2d 84 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.).

■ Was the failure to instruct on "sole proximate cause" reversible error? The standard of review for a trial court's failure to instruct is that the error must have caused, or can be reasonably calculated to have caused, the rendition of an improper verdict. Tex.R.App.P. 81(b)(1); *Bryan v. Dockery*, 788 S.W.2d 447 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In this case, the jury could have concluded from the evidence that the soldier's action constituted the "sole proximate cause" of Appellee's injury. Such a finding would have prevented recovery based on negligence. *Najera v. Great Atlantic & Pacific Tea Co.*, 146 Tex. 367, 207 S.W.2d 365 (1948). The trial court erred in failing to give the requested instruction.

We sustain Appellee's point of error complaining of the failure of the trial court to instruct the jury on "sole proximate cause."

### B. Gross Negligence

Proof of gross negligence requires more than a mere showing of a breach of duty to inspect the premises or provide the necessary tools. In fact, ordinary negligence can only become gross negligence if Chemical's acts or omissions show that they knew of the danger and did not care enough to remedy it. *Burk Royalty Company v. Walls*, 616 S.W.2d 911 (Tex.1981).

There is no evidence in the record that Chemical Express knew or should have known about the peril involved in unloading the fuel at the army facility. In fact, the evidence showed that Chemical was unaware of the type of facilities at the delivery site, but the drivers had been instructed not to help the customers unload if it could not be done safely.

There is no evidence to support a recovery for gross negligence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61 (Tex.1983). The trial court erred in entering judgment for gross negligence damages in the amount of $500,000.00.

We sustain Appellant's point of error contending that the trial court erred in entering judgment based on the jury's finding of gross negligence.

### WRONGFUL DISCRIMINATION & DISCHARGE FROM EMPLOYMENT

Chemical Express does not challenge the fact that Tex.Rev.Civ.Stat. Ann. art. 8307(c) (Vernon Supp. Pamphlet 1991) is an independent action. It does make its challenge to the $45,000.00 jury award asserting there was no evidence and/or insufficient evidence to support the award. Review of these two challenges requires a determination of the adequacy of "proof of a casual link between [Pina's] termination and the filing of the workers' compensation claim." *Paragon Hotel Corporation v. Ramirez*, 783 S.W.2d 654 (Tex. App.—El Paso 1989, writ denied). The proof can be in the form of circumstantial evidence and such proof is adequate to support a jury finding of wrongful discharge. *Id.* at 654. If the facts indicate the existence of a causal link, the question then becomes whether the link is strong enough to withstand a legal and factual insufficiency challenge. The evidence was sufficient to support the jury finding. There was evidence before the jury that Chemical Express had previously discharged an employee who had filed a workers' compensation claim and had hired a lawyer. Further, the evidence was that Appellee hired an attorney and filed a workers' compensation claim in April 1988. Thereafter, in May, Appellee was told by Chemical's terminal manager that he could not return to work because he had "opened a lawsuit against the company." The person that discharged Appellee was aware of the injury and the claim he filed. Oscar Pina was terminated by Chemical Express in June 1988. Therefore, Appellant's "no evidence" challenge fails. *Kindred*, 650 S.W.2d at 61.

We also find the evidence supports the jury's finding of wrongful discharge because such finding is not so against the overwhelming weight of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986). There was evidence that Pina had failed to return to work with a doctor's release and that Chemical Express failed to hear from him for over a period of three weeks. There was also testimony that Appellee, three weeks before his discharge, had applied for employment elsewhere.

When there is conflicting evidence, the jury's decision on such matters is generally conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508 (1947). Appellant's insufficiency challenge is overruled.

Appellant also contends that in the event the jury findings are upheld on the wrongful discharge, we should order remittitur. A thorough review of the record shows there was sufficient evidence to support the jury's award of $45,000.00 for lost wages and employment benefits. *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986). Appellant's request for remittitur is overruled.

## CONCLUSION

We reverse and render a take nothing judgment in favor of Chemical Express as to Oscar Pina's cause of action based on breach of duty of good faith and fair dealing because of delay and/or failure to pay workers' compensation benefits.

We reverse and render a take nothing judgment in favor of Chemical Express as to the $500,000.00 gross negligence award.

We reverse that part of the judgment of the trial court that awarded damages for common law negligence, thereby remanding that cause of action for a new trial due to the failure of the trial court to give a "sole proximate cause" instruction.

We affirm the judgment of the trial court as to the $45,000.00 awarded for wrongful discrimination and termination of employment.